RAWSON, *petitioner, versus* LOWELL.

A levy of an undivided part of the interest which the execution debtor held in a tract of land jointly with others, is void, unless it specify what the interest was, which the debtor held.

THE executor of John Lowell, in 1849, presented an administration account in the Probate office, and the Judge of Probate decreed its allowance, and thereupon granted a license to sell real estate for the payment of debts. Under that license, the executor conveyed land, in which the petitioner claims an interest, derived under one of the heirs of said John Lowell.

The petitioner represents that he was aggrieved by the decree allowing the administration account, and that his omission to appeal from it arose from a want of knowledge of any probate proceedings in the case, wherefore he prayed this Court now to allow an appeal, under the provisions of R. S. chap. 105, § 30 and 31.

In support of the petition, he introduced evidence tending to prove that it was from want of notice and without fault on his part that he lost the opportunity of appealing in season.

In order to show that he was "aggrieved" by the decree, he proved the following facts : —

John Lowell, by his will, devised land jointly to John C. Lowell and Truxton Lowell. Prior to the allowance of the administration account, this petitioner had set off to himself on execution, four-fifths of all the interest which Truxton held in the land "jointly with John C. Lowell and others."

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOWARD, RICE, and APPLETON, J. J., was delivered by

HOWARD, J., orally. — There is a fatal objection to the granting of the petition. The right of appeal is allowed only to persons "aggrieved." The evidence does not show that the petitioner was "aggrieved."

The levy under which he claims an interest in the estate was

merely void. It was of a fractional part of the estate, which Truxton held "jointly with John C. Lowell and others." What part of the estate Truxton held, whether one-fourth or one-half or two-thirds is not stated in the levy. The levy of a fractional part of an uncertain estate in land is not sustainable.

The petitioner took nothing by his levy. He had no interest in the land; nor does it appear that he had any claims against the estate of John Lowell. He therefore could not be a party aggrieved by the decree complained of.

*Petition dismissed.*

*Gilbert,* for the petitioners.

*Porter* and *Smith,* for the respondent.